UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YU HIN CHAN; FEIFEI GU,<br>Plaintiff,<br>-against-<br>ZOHRAN MAMDANI, ET AL.,<br>Defendants. | 26-CV-5959 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who reside in Brooklyn, New York, bring this action *pro se*. Plaintiffs assert claims for malicious prosecution based on events arising in Brooklyn. They sue Defendants Adrienne E. Adams, Cathy Bank, Rodneyse Bichotte, Bruce Blakeman, Stephen T. Chan, William Colton, Jonathan Darche, Frank DiGiacomo, Doris, Keshia Espinal, Beverly Estime, Michael Gerber, Cory Green, Larry He, Patrick Hendry, Mohammed Islam, Nitasha Jain, Dylan Kangas, Ramzi Kassem, Saritha Komati Reddy, Mark Levine, Lawrence Lusher, Zohran Mamdani, Peter Martin, Jelinson A. Martinez, James S. Mauro, Kevin McClanahan, Jack T. Mohr, Oliver J. Muir, Alex Nulman, Justine Olderman, Thomas J. Petronis, John Ricottone, Joseph Robinson, Tejpal Sandhu, Michael Sher, Daniel Siani, James Sinnott, Stuart Slotnick, Ayanna Sorett, Steven Vitelli, and Susan Zhuang.

For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs allege that developer Tejpal Sandhu, who is linked to Zohran Mamdani's administration, is developing a homeless shelter at 86th Street and 25th Avenue in Bensonhurst. Susan Zhuang organized protests against construction of the shelter. According to Plaintiffs, Zhuang was arrest for allegedly biting Officer Frank DiGiacomo, and at a protest where Adrienne Adams condemned Zhuang, "chaos" erupted. Emily Hui Chen-Liang and Hang Chen, brokers at Tiger Realty, sponsored the protests and received a citation. Chen-Liang and Chen also allegedly took multiple loans from Cathy Bank. Plaintiffs seek an investigation by City officials into these Cathy Bank loans.

Plaintiffs also refer to a matter in the Supreme Court, Kings County, in which Chen-Liang and Chen obtained a temporary restraining order; Plaintiffs alleges that Judge Joy Campanelli of the Supreme Court, Kings County, falsified court documents. Plaintiffs allege that a third eviction effort against them is underway in housing court in Kings County. They also assert claims in connection with the New York City Police Department's 62nd Precinct in the Bay Ridge area of Brooklyn.

Plaintiffs do not allege facts about Defendants' residences, and the Court therefore is unable to ascertain whether venue is proper in this district under Section 1391(b)(1).

Venue of Plaintiffs' malicious prosecution and other claims does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, in Kings County, which is in the Eastern District of New York, 28 U.S.C. § 112(c), and venue is therefore proper in that district under Section 1391(b)(2). It is reasonable to expect that all relevant documents and witnesses also would be in Kings County. The Eastern District of New York appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern

District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 15, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge